

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**JAMES F. HORTON**
*Assistant Corporation Counsel*
phone: (212) 356-2647
fax: (212) 356-3509
email: jhorton@law.nyc.gov

March 4, 2015

**VIA ECF**
Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Patrick Lanorith v. City of New York, et al., 15-CV-617 (PGG) (LB)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. Defendant City respectfully requests an extension of its time to answer or otherwise respond to the complaint from March 6, 2015, until May 5, 2015. This is defendant City's first request for an extension of its time to answer or otherwise respond to the complaint. This request is made with plaintiff's consent.

By way of background, plaintiff alleges, *inter alia*¸ that members of the New York City Police Department ("NYPD") falsely arrested him on or about May 25, 2012.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. This office has received an executed consent and authorization form for the release of sealed arrest and criminal prosecution records. Defendant has begun the process of requesting the necessary documents so that it can access the information, evaluate the claims in the complaint, and properly respond to the allegations therein.

Furthermore, this office has also received executed authorizations for the release of plaintiff's medical records. Defendant City has begun the process of requesting the necessary documents so that it can evaluate the claims in the complaint, and properly respond to the allegations therein. At this juncture, the request has been limited to medical records concerning treatment received as a result of the alleged incident.

Additionally, defendant City respectfully notes for the Court's attention that, according to the civil docket sheet, the individually named defendants, former Detective John Fanizzi, Lieutenant Andrey Smirnov, Detective Arthur Truscelli, and Detective Nicholas Velez, have not been served with process to date. Thus, this enlargement should give plaintiff time to serve the individually named defendants. If the individual defendants are timely served, this enlargement may also allow this office time to conduct an inquiry to determine whether it will represent them in this action. See General Municipal Law § 50(k); Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Finally, as this office has not discussed representation with the individual defendants, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend their time to respond as well if they are served in a timely manner.

No previous request for an extension of time to respond to the complaint has been made by defendant. Accordingly, defendant City respectfully requests an extension of its time to answer or otherwise respond to the complaint until May 5, 2015.

Thank you for your consideration herein.

                                                Respectfully submitted,

                                                /s/
                                              James F. Horton
                                              *Assistant Corporation Counsel*

cc:    VIA ECF
       Craig Trainor, Esq.
       *Attorney for Plaintiff*
       26 Broadway, Suite 2100
       New York, New York 10004