UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICK LANORITH,

                Plaintiff,

      -against-

CITY OF NEW YORK, ARTHUR TRUSCELLI,
JOHN FANIZZI, ANDREY SMIRNOV, NICOLAS
VELEZ, MARTIN BANGHART, RANDALL
LITRELL, and GERARD DELPRETE,

                Defendants.
----------------------------------------------------------------X

**ORDER**

15-CV-617 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

On February 6, 2015, Plaintiff Patrick Lanorith brought this action against the City of New York, Arthur Truscelli, John Fanizzi, Andrey Smirnov, Nicholas Velez, and John Doe 1 through 5, pursuant to 42 U.S.C. § 1983, for violations of his constitutional rights. (Compl. (Dkt. 1).) On July 7, 2015, Plaintiff amended his Complaint, removing the John Doe Defendants while naming Martin Banghart, Randall Litrell, and Gerard Delprete as additional defendants. (Am. Compl. (Dkt. 9).) By Order dated December 10, 2015, Magistrate Judge Lois Bloom notified Plaintiff that he had failed to properly serve the new Defendants within the 120 days required by Federal Rule of Civil Procedure 4(m). (Dec. 10, 2015, Order to Show Cause.) Judge Bloom then granted Plaintiff an extension until December 23, 2015, to effect service. (Id.) On the same day, on December 10, 2015, Plaintiff filed proof of timely service for all Defendants named in the Amended Complaint except Defendant Martin Banghart. On March 3, 2016, Judge Bloom issued a Report and Recommendation ("R&R") recommending that the court dismiss Plaintiff's claims against Defendant Banghart without prejudice for failure to effect timely service. (R. & R. (Dkt. 23).)

1

No party has objected to the R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R. & R. at 2 ("[T]he parties shall have fourteen (14) days from service of this Report to file written objections. . . . Failure to file a timely objection to this Report generally waives any further judicial review.").) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS IN FULL the R&R and, accordingly, DISMISSES all claims against Defendant Banghart. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order).

SO ORDERED.

Dated: Brooklyn, New York
April 14, 2016

/s/ USDJ NICHLAS G. GARAUFIS
NICHOLAS G. GARAUFIS
United States District Judge

2